**Maria Esperanza QUIJANO– RODRIGUEZ; et al.,**
Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 06–71173, 06–71885.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Maria Esperanza Quijano–Rodriguez, and her two minor daughters Jennifer Jicel Bermudez–Quijano and Briyit Xiomara Bermudez–Quijano, all natives and citizens of Colombia, petition for review of the Board of Immigration Appeals' ("BIA") orders denying their motions to reopen, to amend an order of voluntary departure, and to reconsider. We review for abuse of discretion the denial of a motion to reopen or reconsider, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005), and we review de novo the BIA's conclusions regarding questions of law, *Kamalthas v. INS*, 251 F.3d 1279, 1281–82 (9th Cir.2001). We deny in part and dismiss in part both petitions for review.

The BIA did not abuse its discretion in denying petitioners' first motion to reopen because they did not establish prima facie eligibility for adjustment of status. *See Malhi v. INS*, 336 F.3d 989, 993–94 (9th Cir.2003); *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (a "motion to reopen will not be granted unless the respondent establishes a prima facie case of eligibility for the underlying relief sought").

The BIA's denial of the motion to reinstate voluntary departure was appropriate under 8 C.F.R. § 1240.26. Our decision in *Padilla–Padilla v. Gonzales*, 463 F.3d 972 (9th Cir.2006), does not require remand here because petitioners' voluntary departure period began to run when the BIA issued its August 5, 2003, order and was not subsequently stayed. *See id.* at 982 (citing *Zazueta–Carrillo v. Ashcroft*, 322 F.3d 1166, 1168 (9th Cir.2003)).

The BIA was within its discretion in denying petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision denying their first motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

To the extent petitioners' motion to reconsider was also a motion to reopen, the BIA did not abuse its discretion in denying this second motion to reopen as untimely and number-barred where it was filed over two and a half years after the BIA's final order of removal. *See* 8 U.S.C. § 1229a(c)(7).

Finally, we lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

**In No. 06–71173, PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**In No. 06–71685, PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.